UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DAWN MICHELE AVERY | CIVIL ACTION |
| VERSUS | NO: 23-5476 |
| LOUISIANA LEADERSHIP FUND, LLC, ET AL. | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court is a *Motion to Dismiss Pursuant to Rule 12(b)(1), or Alternatively, Rule 12(b)(6)* **(Rec. Doc. 21)**, filed by Defendants Louisiana Leadership Fund, LLC, 360 Touch, LLC, and Lutisha Merrill. Plaintiff Dawn Michelle Avery has opposed the motion (Rec. Docs. 26, 30), and Defendants have filed a reply (Rec. Doc. 33). Defendant Steve Fairbanks has also filed a *Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. Rule 12(b)(2)* **(Rec. Doc. 22)**. Plaintiff has opposed this motion (Rec. Doc. 27) and Mr. Fairbanks has filed a reply (Rec. Doc. 32). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that Defendants' *Motion to Dismiss* **(Rec. Doc. 21)** should be **GRANTED**, and Steve Fairbank's motion should be **DENIED as moot**.

## FACTS AND PROCEDURAL BACKGROUND

This case arises out of a television advertisement that aired during then-candidate Jeff Landry's campaign for governor. This advertisement alleged that then-Attorney General Landry declined to prosecute a child pornographer in exchange for a campaign contribution. Plaintiff Dawn Michelle Avery, a Louisiana voter, filed a

Petition for Injunctive Relief in the 22nd Judicial District Court for the Parish of St. Tammany, alleging that this ad contained false information. In response to the Temporary Restraining Order issued on September 11, 2023, Defendant Louisiana Leadership Fund ("LLF") modified the advertisement and continued to air it. Plaintiff alleged that this modified advertisement still contained false information in violation of La. R.S. 18:1463(C) and filed a Supplemental and Amending Petition for Injunctive Relief and a separate Motion for Contempt. In this Supplemental and Amending Petition, Plaintiff added Defendants Lutisha Merrill and 360 Touch, LLC ("360 Touch"). Merrill is the sole member and manager of 360 Touch and works as a media buyer to place advertisements for her clients. Plaintiff alleges that Merrill and 360 Touch acted in concert with LLF to distribute the advertisement in violation of the Temporary Restraining Ordered issued by the state court. Before a hearing could be held on these motions, Defendants removed the matter to this Court.

Plaintiff then filed a Supplemental and Amended Complaint naming Steve Fairbanks, the sole member of LLF, as a Defendant. Fairbanks has now filed a motion to dismiss the claims against him for lack of personal jurisdiction while LLF, 360 Touch, and Merrill have filed a motion to dismiss for lack of subject matter jurisdiction and alternatively for failure to state a claim upon which relief can be granted. Defendants also argue that La. R.S. § 18:1463(C)(2)(c) is an unconstitutional prior restraint on free speech. The Attorney General of the State of Louisiana has also submitted an Amicus Curiae brief, asserting that the claims at issue in this case

are moot and that this Court should therefore avoid considering the constitutionality of the statute at issue.

## LEGAL STANDARD

In deciding a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "the district court is 'free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case.'" *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005). The party asserting jurisdiction must carry the burden of proof for a Rule 12(b)(1) motion to dismiss. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). The standard of review for a motion to dismiss under Rule 12(b)(1) is the same as that for a motion to dismiss pursuant to Rule 12(b)(6). *United States v. City of New Orleans*, No. 02-3618, 2003 WL 22208578, at *1 (E.D. La. Sept. 19, 2003). If a court lacks subject matter jurisdiction, it should dismiss without prejudice. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010). When "a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Id.* (internal quotation marks and citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

Rule 12(b)(2) of the Federal Rules of Civil Procedure permits dismissal of a suit for lack of personal jurisdiction. Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists. *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006). The plaintiff need not, however, establish jurisdiction by a preponderance of the evidence; a prima facie showing suffices. *Id.* The court must accept the plaintiff's uncontroverted allegations, and resolve all conflicts between the facts contained in the parties' affidavits and other documentation in favor of jurisdiction. *Id.*

A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant. *Pervasive Software Inc. v. Lexware GmbH & Co. Kg*, 688 F.3d 214, 220 (5th Cir. 2012). First, the forum state's long-arm statute must confer personal jurisdiction. Second, the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the

Fourteenth Amendment. *Id.* (citing *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)). The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits. *Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir. 2010) (citing *Walk Haydel & Assocs. v. Coastal Power Prod. Co.*, 517 F.3d 235, 242-43 (5th Cir. 2008)). Therefore, the inquiry is whether jurisdiction comports with federal constitutional guarantees. *Id.*

The Due Process Clause of the Fourteenth Amendment guarantees that no federal court may assume jurisdiction *in personam* of a non-resident defendant unless the defendant has certain "minimum contacts" with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Sufficient minimum contacts will give rise to either specific, "case-linked" jurisdiction or general, "all-purpose" jurisdiction. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011).

Specific jurisdiction is confined to adjudication of "issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id.* In order to establish specific jurisdiction, a plaintiff must show that "(1) there are sufficient (i.e., not 'random fortuitous or attenuated') pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and (3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts." *Pervasive Software*, 688 F.3d at 221; *accord Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985). The defendant

can then defeat the exercise of specific jurisdiction by showing that it would be unreasonable. *Burger King*, 471 U.S. at 476-77; *Pervasive Software*, 688 F.3d at 221-22.

General jurisdiction, on the other hand, does not require a showing of contacts out of which the cause of action arose. *Goodyear,* 131 S. Ct. at 2851. A court may assert general jurisdiction over foreign defendants "to hear any and all claims against them." *Id*. The proper consideration when determining general jurisdiction is whether the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (alteration in original) (quoting *Goodyear*, 131 S. Ct. at 2851). Only a limited set of affiliations with a forum will render a defendant amenable to general jurisdiction there. *Id.* at 760. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* (quoting *Goodyear*, 131 S. Ct. at 2853-54). With respect to a corporation, "the place of incorporation and principal place of business" are paradigm bases for general jurisdiction. *Id.* General jurisdiction does not exist simply because of "the magnitude of the defendant's in-state contacts." *Id.* at 762 n.20. Rather, a court must appraise the defendant's activities "in their entirety, nationwide and worldwide." *Id. See Long v. Patton Hosp. Mgmt., LLC*, No. 15-2213, 2016 WL 760780 (E.D. La. Feb. 26, 2016).

## **DISCUSSION**

Defendants have filed a 12(b)(1) motion in conjunction with other Rule 12 motions. Therefore, the Court will consider this jurisdictional challenge before considering any other attack on the merits.

I.    **SUBJECT MATTER JURISDICTION**

Defendants argue that this matter should be dismissed for lack of subject matter jurisdiction because "there exists no actual controversy and Plaintiff's claims are moot." (Rec. Doc. 21, at 4). Plaintiff's claims rest on Louisiana Revised Statute § 18:1463(D) which provides that "An affected candidate or voter shall be entitled to an injunction to restrain future violations" of the use of knowingly false or reckless speech. Defendants assert that Governor Landry, the subject of the challenged advertisements, won the election October 14, 2023 and that the ad at issue is likewise no longer appearing on television. Therefore, Defendants assert that there is no longer a case or controversy for this Court to consider.

"A controversy becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient interests to maintain the litigation." *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1153 (5th Cir. 1993). Mootness my arise either "when the issues presented are no longer 'live'" or when "the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). However, "[a] case is not moot so long as any claim for relief remains viable, whether that claim was the primary or secondary

relief originally sought." *Commonwealth Oil & Refining Co. v. E.P.A. (In re Commonwealth Oil Refining Co.)*, 805 F.2d 1175, 1181 (5th Cir. 1986).

In support of their argument for mootness, Defendants cite *Kocher v. Truth in Politics, Inc.*, 307 So.3d 182 (La. 2020). In *Kocher*, the Louisiana Supreme Court considered a claim under § 18:1463 based on an allegedly false advertisement that ran during the 2019 gubernatorial election. The court held that because an injunction was already issued against the ad during the pendency of the suit, the matter was moot. *Id.* at 183. Additionally, the court addressed plaintiff's argument that the governor could run again in the future and be subjected to the same false ads, stating that "it is well settled that courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies." *Id.* at 184 (internal quotation omitted). The court found that "because the injunctive relief sought has been rendered moot and the only remaining remedy under the statute (attorneys fees) is conditioned upon the success of a now unavailable remedy (permanent injunction), the lower courts erred in denying the exception of no cause of action." *Id.*

Plaintiff attempts to distinguish this case, arguing *Kocher* is inapplicable. Plaintiff reasons that the defendants in *Kocher* complied with the TRO issued while the Defendants in this matter allegedly "continued violating La. R.S. 18:1463 even after notice of the Temporary Restraining Order." (Rec. Doc. 26, at 4). This, Plaintiff suggests, demonstrates that the conduct at issue, namely the running of a false ad, is likely to recur given that Governor Landry will likely run for public office again

and that "the [TRO], standing alone, was not sufficient to deter Defendant's conduct." *Id.*

Plaintiff also argues that this continued violation gave rise to a separate claim for attorney's fees, costs, and damages under La. Code Civ. P. art. 3611 and La. R.S. § 13:4611, neither of which were at issue in *Kocher*. Plaintiff asserts that these statues are substantive rather than procedural and should govern in this case. (Rec. Doc. 26, at 4). Plaintiff reasons that "if . . . [a] civil contempt proceeding is compensatory in nature, the termination of the underlying action out of which the contempt hearing arose does not moot the contempt proceeding." *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 400 (5th Cir. 1987). Therefore, Plaintiff argues that even if her request for a preliminary injunction was moot, her claims for attorney's fees, costs, and damages would not be.

Plaintiff does not attempt cite any support for her assertion that. art. 3611 and § 13:4611 are substantive rather than procedural statutes. "Contempt orders are designed to vindicate the authority and dignity of a court. Accordingly, it would be an unwise policy for one court to determine whether a litigant violated another court's order." *In re Wright*, No. 06-356, 2006 WL 508050 *3 (E.D. La. Feb. 22, 2006). This rings especially true for courts in different judicial systems like the Eastern District of Louisiana and the 22nd Judicial District Court for the Parish of St. Tammany. "To permit otherwise would implicate federalism and comity issues and impinge on the dignity afforded state court judicial systems." *Id.* (citing *Judice v. Vail*, 430 U.S. 327, 335 (1977). Beyond these compelling policy reasons, Plaintiff also does not address

how her claims for contempt might satisfy the amount in controversy requirement when § 13:4611 caps the fine for contempt based on a violation of a restraining order at $1000. § 13:4611(1)(b). Nor does she attempt to explain how she might be entitled to attorney's fees and costs when the statute from which her claim arises only allows a Plaintiff to recover these once granted a permanent injunction. *See* § 18:1463(D)(2).

Plaintiff does not have a live claim for an injunction under § 18:1463, nor can this Court hear a claim for contempt for any alleged violation of the TRO issued by the state court. Because this matter has been resolved on Defendants' 12(b)(1) argument, this Court has no need to evaluate the 12(b)(6) or 12(b)(2) arguments before it. Accordingly, it is hereby ordered that the above-captioned matter is **DISMISSED** for lack of subject matter jurisdiction.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss* **(Rec. Doc. 21)** is **GRANTED**, and Fairbanks's *Motion to Dismiss* **(Rec. Doc. 22)** is **DENIED as moot**.

New Orleans, Louisiana, this 13th day of June, 2024.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE